UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| KAREN SUE SHESLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner, Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:12-cv-565 |

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff, Karen Shesler ("Ms. Shesler"), sued under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). This case was referred to the undersigned U.S. Magistrate Judge by order filed on April 11, 2013, and pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Civil Rule 72. The Acting Commissioner has moved to dismiss this case because the statute of limitations has allegedly expired. Ms. Shesler has not responded or objected to this Motion. For the following reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2012, an administrative law judge ("ALJ") denied Ms. Shesler's applications for DIB and SSI. ECF No. 8, attach. 1, Ex. 1 at 1. She appealed this decision to the Appeals Council, which denied the appeal on June 28, 2012. *Id.* That day, the Appeals Council notified Ms. Shesler in writing of its decision, her right to request judicial review of the decision by filing a civil action in this Court within sixty days after receipt of the notice, and the opportunity to request an extension of time in which to file a civil action beyond sixty days. *Id.* at 2. It was presumed, absent evidence to the contrary, that she received this letter five days from June 28, 2012, or July 3, 2012. *Id.* This letter was addressed to Ms. Shesler's residence in Virginia Beach, Virginia. *Id.* at 1.

On September 21, 2012, Ms. Shesler executed a motion to proceed *in forma pauperis*, which was filed on October 15, 2012, and attached thereto was her Complaint, ECF No. 1, which was not filed until October 18, 2012, ECF No. 3, when the Court granted the motion, ECF No. 2. The Acting Commissioner filed a Motion to Dismiss, brief in support, and *Roseboro* notice on December 14, 2012, requesting the Court dismiss this case as time-barred. ECF Nos. 7-9. Ms. Shesler has not responded or objected to this Motion, and the time to do so has lapsed. Therefore, this Motion and case are ripe for disposition.

## II. *PRO SE* PLEADINGS

"[A] *pro se* litigant is entitled to a liberal reading of her pleadings." *Jacobi v. Blocker*, 153 F.R.D. 84, 86 (E.D. Va. 1994) (citations omitted). Moreover, "trial courts are encouraged to liberally treat procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule is involved." *Bauer v. Comm'r of I.R.S.*, 97 F.3d 45, 49 (4th Cir. 1996).

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent

2

> forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules.

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation and quotation marks omitted). It is with these principles in mind that the Court construes Ms. Shesler's pleadings.

### III. ANALYSIS

The Acting Commissioner argues Ms. Shesler's Complaint is time-barred because she did not file it within the statute of limitations.

Section 405(g) of Title 42 of the U.S. Code requires, in relevant part, that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day limit in which to file a civil action is a statute of limitations and a waiver of sovereign immunity that must be strictly construed. *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. However, because § 405(g) is "unusually protective" of plaintiffs, the Court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480 (citations and quotation marks omitted).

Here, the undersigned finds that Ms. Shesler did not file her Complaint within the statute of limitations and that she is not entitled to equitable tolling. Specifically, the sixty-day time period Ms. Shesler had to file her Complaint began on July 3, 2012, which includes five days to

3

receive notice of the Appeals Council's decision, and expired on September 4, 2012.[1] The Appeals Council never received a request from Ms. Shesler for an extension of time beyond the sixty days in which to file her Complaint. ECF No. 8, attach. 1, ¶ 3(b) ("At the time of signing this Declaration, the undersigned is not aware of any request for an extension of time to file a civil action"). It was not until October 15, 2012, approximately forty-one days late, that the Court received Ms. Shesler's Complaint, which was attached to her motion to proceed *in forma pauperis*.[2] Furthermore, despite Ms. Shesler proceeding *pro se*, the equities that usually favor tolling the limitations period are not "so great [here] that deference to the agency's judgment is inappropriate" as she has failed to provide any explanation for her untimely filing. *Bowen*, 476 U.S. at 480 (citation and quotation marks omitted).

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion to Dismiss, ECF No. 7, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Ms. Shesler is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A

---

[1] The sixtieth day, September 1, 2012, was a Saturday, and the following Monday, September 3, 2012, was Labor Day.
[2] Ms. Shesler's appeal is still untimely, by seventeen days, if September 21, 2012, the date she executed her motion to proceed *in forma pauperis*, is used as the filing date.

4

party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Plaintiff and counsel of record for the Defendant.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 15, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Karen Sue Shesler
1227 Middleground Run
Virginia Beach, Virginia 23454
*Pro Se* Plaintiff

Kent Pendleton Porter, Esq.
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
April 15, 2013